UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **JOHN DOE II,** *et al.*, <br><br> **Plaintiffs,** <br><br> v. <br><br> **CHILDREN'S NATIONAL HOSPITAL,** *et al.*, <br><br> **Defendants.** | Civil Action No. 24-3264 (JEB) |

**MEMORANDUM OPINION AND ORDER**

Plaintiffs John and Jane Doe sued Children's National Hospital and related individuals alleging violations of local and federal law in the treatment of their child. See ECF No. 1 (Compl.) at 1–9. Although now 19 and thus no longer technically a minor, the individual is still being treated as a child given the individual's mental condition. See ECF No. 3 (Corrected Mot.) at 5. The parents now move to proceed under pseudonyms for the child's protection. Id. at 3–4. The Court will grant the Motion, subject to any further consideration by the United States District Judge to whom this case is randomly assigned. See LCvR 40.7(f) (providing that Chief Judge shall "hear and determine . . . motion[s] to file a pseudonymous complaint").

**I.  Legal Standard**

Generally, a complaint must identify the plaintiffs. See Fed. R. Civ. P. 10(a); LCvR 5.1(c)(1). This identification requirement reflects the "presumption in favor of disclosure [of litigants' identities], which stems from the 'general public interest in the openness of governmental processes,' and, more specifically, from the tradition of open judicial

1

proceedings." In re Sealed Case, 931 F.3d 92, 96 (D.C. Cir. 2019) (quoting Wash. Legal Found. v. U.S. Sent'g Comm'n, 89 F.3d 897, 899 (D.C. Cir. 1996)). A party moving to proceed pseudonymously thus "bears the weighty burden of both demonstrating a concrete need for such secrecy[] and identifying the consequences that would likely befall it if forced to proceed in its own name." In re Sealed Case, 971 F.3d 324, 326 (D.C. Cir. 2020). As a result, the court must "'balance the litigant's legitimate interest in anonymity against countervailing interests in full disclosure'" by applying a "flexible and fact driven" balancing test. Id. (quoting In re Sealed Case, 931 F.3d at 96). That test assesses "five non-exhaustive factors":

> [1] whether the justification asserted by the requesting party is merely to avoid the annoyance and criticism that may attend any litigation or is to preserve privacy in a matter of [a] sensitive and highly personal nature;
>
> [2] whether identification poses a risk of retaliatory physical or mental harm to the requesting party or[,] even more critically, to innocent non-parties;
>
> [3] the ages of the persons whose privacy interests are sought to be protected;
>
> [4] whether the action is against a governmental or private party; and relatedly,
>
> [5] the risk of unfairness to the opposing party from allowing an action against it to proceed anonymously.

Id. at 326–27 (quoting In re Sealed Case, 931 F.3d at 97) (first alteration in original).

**II.   Analysis**

At this early stage, Plaintiffs have met their burden to show that the privacy interests at stake outweigh the public's presumptive and substantial interest in learning their identities.

For the first factor, the Complaint makes clear that Plaintiffs seek to proceed under a pseudonym not "merely to avoid the annoyance and criticism that may attend any litigation," but to "preserve privacy in a matter of [a] sensitive and highly personal nature." Id. at 326 (quoting In re Sealed Case, 931 F.3d at 97) (alteration in original). More specifically, they do so to protect the identity of their child. See Corrected Mot. at 3–4. Courts have found that this factor

counsels in favor of pseudonymity when a plaintiff's interest is "not in avoiding annoyance, but in maintaining their and their family members' safety." Sponsor v. Mayorkas, 2023 WL 2598685, at *2 (D.D.C. Mar. 22, 2023). Plaintiffs assert that because the child shares a name with a parent, revealing their names would effectively reveal the child's. See Corrected Mot. at 3–4.

Further, the Complaint describes the child's medical history, treatment, and disability status in detail, thus revealing sensitive and highly personal information. See In re Sealed Case, 971 F.3d at 327 (medical information is considered sensitive and highly personal information); Charles H. v. Dist. of Columbia, 2021 WL 6619327, at *2 (D.D.C. Apr. 9, 2021) ("The disabilities and medical histories of plaintiffs — including their status [as] individuals with disabilities — are paradigmatically 'sensitive' and 'highly personal.'") (cleaned up); J.W. v. Dist. of Columbia, 318 F.R.D. 196, 202 (D.D.C. 2016) (describing "'overriding interest' in protecting [disabled individual's] identity and avoiding unnecessary publicity concerning his disability") (quoting Nat'l Ass'n of Waterfront Emps. v. Chao, 587 F. Supp. 2d 90, 98 (D.D.C. 2008); J. v. Dist. of Columbia, No. 23-1279, ECF No. 3 (Order) at 3 (D.D.C. May 9, 2023) (factor favored pseudonymity where "[t]he Complaint detail[ed] [plaintiffs'] child's learning disabilities, his medical and educational needs, and the results of his educational evaluations").

The second factor, which concerns the "risk of retaliatory physical or mental harm" to Plaintiffs and to "innocent non-parties," also counsels granting the Motion. See In re Sealed Case, 971 F.3d at 326 (internal quotation marks and citation omitted). The Complaint details the child's mental-health treatment and suicide attempts. See Corrected Mot. at 3. Risks to mental harm suffice for this factor especially in scenarios where a plaintiff or innocent non-party is mentally ill or already receiving other psychiatric treatment. See, e.g., Doe v. Cabrera, 307

F.R.D. 1, 7 (D.D.C. 2014) ("Out of grave concern that the Court could exacerbate any psychological issues the plaintiff is currently experiencing, the Court finds that this factor weighs in favor of anonymity."); Doe v. Sessions, 2018 WL 4637014, at *4 (D.D.C. Sept. 27, 2018) ("Courts generally find a risk of retaliatory harm in cases where the moving party provides evidence that psychological damage is anticipated if a party's identity is disclosed.") (cleaned up); cf. id. (recognizing a "substantial public interest" in "preventing the stigmatization of litigants with mental illnesses") (citation omitted); Doe v. Roman Cath. Diocese of Greensburg, 2021 WL 12137383, at *7 (D.D.C. Feb. 12, 2021) (crediting claim in similar case that "the stress associated with [proceeding publicly] would exacerbate the symptoms of [plaintiff's] mental illness") (citation omitted).

To be sure, Plaintiffs do not attach an affidavit supporting these claims, cf. Sponsor, 2023 WL 2598685, at *2 (referencing affidavits in support of motion), and "[d]iscovery may well render [their] concerns unsupported and unwarranted." Doe v. Fed. Republic of Germany, 680 F. Supp. 3d 1, 5 (D.D.C. 2023). At this early stage, however, the Court finds that the allegations in the Complaint are sufficient to establish that revealing the child's name publicly in connection with this litigation poses a risk of harm. This factor therefore supports letting Plaintiffs proceed under a pseudonym.

The third factor — "the ages of the persons whose privacy interests are sought to be protected," In re Sealed Case, 971 F.3d at 326 (quoting In re Sealed Case, 931 F.3d at 97) — supports proceeding under pseudonyms, too. Although Plaintiffs are adults, they seek to protect the identity of their child, who is "treated as a minor in the child-protection system still due to autism and dysphoria." Corrected Mot. at 5. Courts have not always favored pseudonymity when the case involves scenarios in which the innocent non-party was a minor when the relevant

4

acts occurred but is now an adult.  See Doe v. Meyer, No. 23-3577, ECF No. 3 (Order) at 5 (D.D.C. Dec. 7, 2023) ("Plaintiff does not argue that the third factor supports his motion, and for good reason.  Although he was a minor at the time of the abuse, because he is now an adult, the concern that courts display for children of a tender age and their vulnerable status does not currently apply.") (cleaned up).  When courts have found that disclosure could implicate the privacy interests or safety of a very young adult (*e.g.*, age 19 or 20), however, this factor may still favor pseudonymity.  See, e.g., T.F. v. Dist. of Columbia, No. 23-3612, ECF No. 4 (Order) at 3–4 (D.D.C. Dec. 7, 2023) ("While Plaintiff, at age nineteen, is technically no longer a minor, he is still a teenager.  And the case concerns, in substantial part, confidential medical and educational records from when he was younger.  The Court has no qualms in concluding, as other courts have under similar circumstances, that his age weighs in favor of proceeding pseudonymously.").  Since the child is nineteen and treated as a minor by the child-protection system, this factor favors pseudonymity.

The fourth factor, conversely, weighs against pseudonymity.  Plaintiffs, here, sue only private parties and not a government entity.  In cases where the defendant is a private entity, courts have generally disfavored pseudonymity.  See Cabrera, 307 F.R.D. 1 at 8 ("This factor weighs against allowing the plaintiff to use a pseudonym because the defendant is a private litigant, who undoubtedly has concerns about his reputation."); see also Doe 1 v. George Washington Univ., 369 F. Supp. 3d 49, 67 (D.D.C. 2019) (distinguishing "private litigants, who presumably have concerns about their respective reputations").  The Complaint makes an argument that the Defendants are analogous to the government because they "act as a fiduciary to the state welfare system both in terms of protective services liaising and the providing of medical

5

insurance for the indigent," Corrected Mot. at 5, but this Court does not find that persuasive for this factor.

The fifth factor — risk of unfairness — also favors pseudonymity. Defendants will know Plaintiffs' identities, and thus they will not be prejudiced by such a measure.

In sum, as the fourth factor alone supports disclosure, the balance heavily favors permitting Plaintiffs to proceed under pseudonyms at this stage.

The Court accordingly ORDERS that:

1. Plaintiffs' Motion to Proceed Under Pseudonym is GRANTED, subject to any further consideration by the United States District Judge to whom this case is randomly assigned;

2. All parties shall use the pseudonyms listed in the Complaint in all documents filed in this action; and

3. Within fourteen days of this Order, Plaintiffs shall file on the public docket:

    i.  A pseudonymous version of their Motion and any attachments; and

    ii. A declaration containing their real names and residential addresses, filed under seal.

/s/ James E. Boasberg
JAMES E. BOASBERG
Chief Judge

Date: December 2, 2024